UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNY ANDRIKE,

        Plaintiff,

v.                                        Case No. 8:11-cv-1939-T-24-AEP

MAPLE WAY COMMUNITY, INC.,
ET AL.,

        Defendants.
_____/

**ORDER**

        This cause comes before the Court on Plaintiff's Amended Motion for Attorneys' Fees and Costs. (Doc. No. 44). Defendants oppose the motion. (Doc. No. 45). Plaintiff filed two reply briefs. (Doc. No. 51, 53). As explained below, the motion is granted in part.

**I. Background**

        Plaintiff filed this lawsuit on August 26, 2011. In her amended complaint, Plaintiff asserted three claims: (1) overtime under the Fair Labor Standards Act ("FLSA"), (2) minimum wages under the FLSA; and (3) minimum wages under state law. (Doc. No. 12). The Court issued an FLSA scheduling order, which required Plaintiff to respond to the Court's interrogatory requiring that she provide an accounting of her claim. (Doc. No. 4). In response, Plaintiff stated that she was owed $34,272 in overtime pay for 2,856 hours at an overtime rate of $12 per hour. (Doc. No. 7).

        The parties engaged in discovery and then attended mediation on November 9, 2012. The parties were able to reach a settlement at the mediation, with Defendants agreeing to pay Plaintiff $2,500 for her overtime claim, including liquidated damages. (Doc. No. 41-1). The

parties could not resolve the issue of the amount of reasonable attorneys' fees and costs to be awarded, so the parties agreed to submit the issue to the Court.

## II. Motion for Attorneys' Fees

Plaintiff seeks an attorneys' fee award of $20,674, plus costs of $1,176.75. Defendants oppose the motion, arguing primarily that no attorneys' fees or costs should be awarded, because Defendants merely agreed to a nuisance settlement. In support of their position that no attorneys' fees should be awarded, Defendants rely primarily on two cases: Sahyers v. Prugh, Holliday & Karatinos, P.L., 2008 U.S. Dist. LEXIS 112849 (M.D. Fla. Feb. 1, 2008), aff'd 560 F.3d 1241 (11th Cir. 2009), and Goss v. Killian Oaks House of Learning, 248 F. Supp.2d 1162 (S.D. Fla. 2003). However, Defendants' reliance on these cases is misplaced, as those cases are distinguishable.

In Goss v. Killian Oaks House of Learning, the plaintiff worked for defendant for 11 days before she was terminated. See Goss, 248 F. Supp.2d at 1164. When the plaintiff was terminated, she was still owed wages for her last two days of work. See id. The defendant prepared the plaintiff's check and advised her to pick it up, but she refused and instead filed an FLSA complaint. See id. Defense counsel repeatedly contacted plaintiff's counsel to ascertain the amount of damages that she was seeking, and plaintiff's counsel did not provide an amount. See id. at 1165. Defense counsel tendered $137.03 for the plaintiff's final two days of work, and plaintiff's counsel responded that an overtime claim remained. See id. The defendant had no specific information regarding any overtime worked during the plaintiff's 11 days of employment, but the defendant tendered another check for $178.86, the highest possible amount that the plaintiff could claim (based on the plaintiff's lunch hour and breaks). See id.

Thereafter, plaintiff's counsel sought over $19,000 in attorneys' fees. See id. at 1167-68. The court denied plaintiff's counsel's attorneys' fees motion, stating that plaintiff's counsel "continue[d] to engage in a pattern of behavior aimed at inflating the levels of attorney's fees [that] shocks the conscience of the Court" and that "[t]his strategy . . . must not be rewarded." See id. at 1169.

The pattern of behavior described in Goss did not occur in the instant case. As such, Goss is distinguishable and does not provide a basis for this Court to deny Plaintiff an award of attorneys' fees.

Likewise, Sahyers v. Prugh is also distinguishable. In Sahyers, the plaintiff was a paralegal that asserted an FLSA claim against her former law firm. Sahyers, 560 F.3d at 1243. The plaintiff settled her FLSA claim for $3,500 and her counsel sought $13,800 in attorneys' fees. See id. The district court denied plaintiff's counsel's request for attorneys' fees due to the fact that plaintiff's counsel did not give the defendant notice of the claim before filing suit. See id. at 1244. The district court stated that "'there are some cases in which a reasonable fee is no fee.'" Id. at 1244. The appellate court affirmed the district court's decision and stated the following:

> The district court's inherent powers support its decision here. Defendants are lawyers and their law firm. And the lawyer for Plaintiff made absolutely no effort–no phone call; no email; no letter–to inform them of Plaintiff's impending claim much less to resolve this dispute before filing suit. Plaintiff's lawyer slavishly followed his client's instructions and–without a word to Defendants in advance–just sued his fellow lawyers. As the district court saw it, this conscious disregard for lawyer-to-lawyer collegiality and civility caused (among other things) the judiciary to waste significant time and resources on unnecessary litigation and stood in stark contrast to the behavior expected of an officer of the court. The district court refused to reward–and thereby to encourage–uncivil conduct by

> awarding Plaintiff attorney's fees or costs. Given the district court's power of oversight for the bar, we cannot say that this decision was outside of the bounds of the district court's discretion.
>
> We strongly caution against inferring too much from our decision today. These kinds of decisions are fact-intensive. We put aside cases in which lawyers are not parties. We do not say that pre-suit notice is usually required or even often required under the FLSA to receive an award of attorney's fees or costs. Nor do we now recommend that
>
> courts use their inherent powers to deny prevailing parties attorney's fees or costs. We declare no judicial duty. We create no presumptions. We conclude only that the district court did not abuse its discretion in declining to award some attorney's fees and costs based on the facts of this case.

Id. at 1245-46.

This Court concludes that Sahyers is distinguishable on the facts, as Plaintiff is not a paralegal or lawyer and Defendants are not lawyers or law firms.  Furthermore, the Eleventh Circuit specifically cautioned courts from inferring too much from its decision in Sahyers. Accordingly, the Court rejects Defendants' argument that Sahyers provides a basis for this Court to deny Plaintiff an award of attorneys' fees.

**III.  Determining the Reasonable Amount of Attorneys' Fees**

In the instant motion, Plaintiff seeks $20,674 in attorneys' fees.  Before awarding attorneys' fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorneys' fees is the lodestar, which is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted).  Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303

(citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. See id. at 1301, 1302 (citation omitted).

Plaintiff's request for attorneys' fees is based upon the following: Plaintiff seeks attorneys' fees in the amount of $18,752.50 for the work performed by Andrew Frisch, Esq. Frisch is an attorney with 12 years of legal experience. Frisch performed 57.7 hours of work at a rate of $325 per hour.

Plaintiff also seeks $1,921.50 for the work performed by Heather Shelfin. Shelfin is a paralegal that performed 18.3 hours of work at a rate of $105 per hour.

Upon review, the Court concludes that the hourly rates listed above are reasonable and reflect the prevailing market rate in the relevant legal community for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation. Furthermore, the Court has reviewed the billing records submitted by Plaintiff (Doc. No. 44), to which Defendants have not provided any specific objections relating to any specific billing entries. Upon review,

the Court concludes that the amount of time spent on the work performed is also reasonable. Thus, the loadstar calculation results in attorneys' fees of $20,674. This, however, does not end the Court's inquiry. As explained by one court:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained. There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. The most important factor to consider is the result obtained. If the success was limited or the plaintiff's victory was limited, the lodestar must be reduced to reflect the limited result. Fee awards, however, should not simply be proportionate to the results obtained by the Plaintiff. . . . [G]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case. It is against this background that the Plaintiff's attorneys fees request must be evaluated.

James v. Wash Depot Holdings, Inc., 489 F. Supp.2d 1341, 1347 (S.D. Fla. 2007)(internal citations and quotation marks omitted).

Given that Plaintiff sought $34,272 in overtime pay, plus liquidated damages of an equal amount, and she settled for $2,500, including liquidated damages, her overall success can be characterized as limited. Given her limited success, a reduction in the amount of attorneys' fees awarded is warranted. See id. at 1353; Brandt v. Magnificent Quality Florals Corp., 2011 WL 4625379, at *13 (S.D. Fla. Sept. 30, 2011). It appears that Plaintiff was pursuing different theories to support her damages calculation, and she settled her claim based on a theory that resulted in a lower amount of hours being calculated as being unpaid. Therefore, Plaintiff was successful, in part, just not as successful as she had anticipated. Therefore, the Court finds that a

35% reduction in attorneys' fees in warranted to account for Plaintiff's limited success in this case. See James, 489 F. Supp.2d at 1347; Brandt, 2011 WL 4625379, at *13. In coming to this conclusion, the Court is mindful of the principle that attorney fee awards should not simply be proportionate to the results obtained. Instead, the Court finds that an attorneys' fee award of $13,438.10 (which represents a 35% reduction) is reasonable and appropriate under the circumstances.

## IV. Costs

Additionally, Plaintiff requests an award of $1,176.75 in costs. This amount is made up of the following: (1) $375 for Plaintiff's deposition, (2) $350 filing fee, (3) $3.75 for copies, and (4) $448 for costs of service of process. Defendants have not made a specific objection to any of these amounts, and instead makes the general argument in a footnote that costs should also be denied for the same reasons that they argued that no attorneys' fees should be awarded. However, upon review, the Court finds that these costs are reasonable and should be awarded.

## V. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Amended Motion for Attorneys' Fees and Costs (Doc. No. 44) is **GRANTED** to the extent that Plaintiff is awarded $13,438.10 in attorneys' fees and $1,176.75 in costs.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of May, 2013.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record